UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSEPH INSINGA,

                      Plaintiff,

-against-

COOPERATIVE CENTRALE RAIFFEISEN
BOERENLEENBANK B.A., et al.,

                      Defendants.

03 Civ. 7775 (RJH)

**MEMORANDUM OPINION AND ORDER**

**REVISED OPINION**

---

Plaintiff Joseph Insinga brought this diversity action against Cooperatieve Centrale Raiffeisen Borleenbank B.A. and Rabobank Nederland asserting claims of age discrimination, retaliation, breach of contract, and fraudulent inducement under New York law.  Plaintiff's claims for breach of contract and fraudulent inducement were dismissed upon defendants' motion for partial summary judgment.  The remaining claims were tried before a jury from May 31 to June 9, 2006, and the jury returned a verdict in plaintiff's favor on the retaliation claim and in defendant's favor on the discrimination claim.  On the retaliation claim, the jury awarded plaintiff $2.2 million in back pay and $300,000 in punitive damages.  Plaintiff now seeks attorney's fees in the amount of $682,595, plus costs, pursuant to New York City Administrative Code section 8-502(f), as well as prejudgment interest on the back pay award in the amount of $557,500.

The Second Circuit uses the "lodestar" method to determine the amount of attorney's fees to award.  The lodestar method requires determining the reasonable hourly

rate for each participating attorney and the reasonable number of hours expended, and multiplying the two figures together to obtain the lodestar amount. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763–64 (2d Cir. 1998). "The lodestar amount represents a presumptively reasonable fee award, but the court may use its discretion to increase or reduce the amount based on the particular circumstances of the case." *Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 369 (S.D.N.Y. 2005) (citing *LeBlanc-Sternberg*, 143 F.3d at 764). While defendants acknowledge that plaintiff is entitled to reasonable fees, *see Farrar v. Hobby*, 506 U.S. 103 (1992), they challenge plaintiff's application on a variety of grounds.

      First, defendants contend that the billing rates of each of the five attorneys who worked on plaintiff's case—respectively, $550 per hour for Mr. Schwartz (plaintiff's lead trial counsel), $385 per hour for Ms. Perry (second chair at trial and responsible for the bulk of discovery), $240 for Mr. Heller (who assisted at trial and on court filings), and $200 per hour for Mr. Schatz and $185 for Mr. Utt (young associates who both performed relatively modest tasks)—exceed the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *See Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1998). The proper rates, they contend, should be $350 per hour for Mr. Schwartz, $225 per hour for Ms. Perry, $175 per hour for Mr. Heller, and $125 per hour for both Mr. Schatz and Mr. Utt. The Court disagrees. Plaintiff has submitted seven affidavits from other civil rights and employment discrimination lawyers in New York City, all of whom state that these rates are well within the market rates for attorneys with counsel's skills and experience. Defendants have submitted no affidavits or other evidence disputing plaintiff's evidence

of the prevailing market rates. While at first glance Mr. Schwartz's billing rate, in particular, appears to be greater than that reported in other civil rights cases, adjusting for inflation and taking into account Mr. Schwartz's extraordinary depth of experience, his rate is not unreasonably higher than rates awarded by other courts in this district. *See, e.g., Kuper v. Empire Blue Cross and Blue Shield*, No. No. 99 Civ. 1190 (JSG) (MHD), 2003 WL 23350111, at *10 (S.D.N.Y. Dec. 18, 2003) (Dollinger, M.J.), adopted in full, 2004 U.S. Dist. LEXIS 635, 2004 WL 97685 (S.D.N.Y. Jan. 9, 2004) (awarding $425 to lawyer with over thirty-five years of experience in employment discrimination); *New York State NOW v. Pataki*, No. 93 Civ. 7146 (RLC), 2003 U.S. Dist. LEXIS 7272, 2003 WL 2006608, at *2–*3 (S.D.N.Y. Apr. 30, 2003) (awarding $430 and $400 to principal attorneys). Mr. Schwartz is a leading plaintiff's attorney with more than fifty years of experience, and the Court found him to be highly effective in the courtroom. Ms. Perry is a partner with more than twenty years of experience, and the Court found her to be equally effective in her role as second chair. Without finding that the billing rates proposed by Mr. Schwartz and Ms. Perry are inappropriate, the Court nevertheless considers it proper in this case to take into account in its determination of the fee award the fact that plaintiff was represented by a two-partner team at trial. Accordingly, the Court will adjust the hourly rates for Mr. Schwartz and Ms. Perry to $475 and $350, respectively. With respect to the other three attorneys, the Court finds that for Mr. Heller, an associate with four years of experience, an hourly rate of $225 is appropriate; for Mr. Schatz, an associate with one year of experience at the time of trial, an hourly rate of $175 is appropriate; and for Mr. Utt, an associate with less than one year of experience at the time of trial, a rate of $150 is appropriate. *See Marisol A. v. Giuliani*, 111 F. Supp.

2d 381 (S.D.N.Y. 2000) ("After researching recent fee awards in civil rights cases, the Court finds that a reasonable rate scale is as follows: $ 350 for attorneys with more than fifteen years of experience, $ 300 for attorneys with ten to fifteen years of experience, $ 230–250 for attorneys with seven to nine years of experience, $ 180–200 for attorneys with four to six years of experience, and $ 130–150 for attorneys with one to three years of experience.").

Second, defendants contend that the hours spent on the case were excessive. Before addressing defendants' specific complaints, the Court notes that plaintiff's counsel's time entries are sufficiently specific to analyze for appropriateness. As this Court held in *James v. National Railroad Passenger Corp.*, "Time records need not be overly detailed, but must be sufficiently specific so that the Court may assess the reasonableness of time expended in relation to the work performed." No. 02 Civ. 3915 (RJH), 2005 U.S. Dist. LEXIS 5401, at *42 (S.D.N.Y. March 30, 2005). Defendants nonetheless suggest several reasons why the Court should reduce the hours used to calculate plaintiff's compensation. First, defendants argue that the amount of time spent drafting, editing, and reviewing the Complaint—over 150 hours—was excessive and duplicative. While it is true that "[h]ours that are 'excessive, redundant, or otherwise unnecessary,'" should be excluded from the Court's award of attorney's fees, *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424 (1983)), the Court accepts plaintiff's argument that careful attention to the drafting of the Complaint obviated the time and expense that might have been incurred defending against a motion to dismiss. The Court therefore declines to reduce the fee award on this basis. Defendants also argue that a significant amount of time was spent in an effort to

prove plaintiff's claims for breach of contract and fraudulent inducement, which were dismissed upon summary judgment.  However, plaintiff's counsel has not included in its request any of the hours spent opposing the motion for summary judgment.  Moreover, in all likelihood, the depositions and document production billed before defendants filed the motion for summary judgment would have been required even if plaintiff had not brought claims for breach of contract and fraudulent inducement.  Finally, defendants argue that it was unnecessary for plaintiff to be represented by two partners at trial and that the total hours should be reduced accordingly.  As noted above, however, both partners played important roles at trial, and as the Court has already reduced the partners' billing rates to address this concern, no further reduction in hours is required.  Having reviewed the time entries, the Court finds that the 1,680 hours expended by plaintiff's counsel on this litigation were reasonable for the work performed.

   Third, defendants contend that plaintiff's "limited success" at trial warrants a reduction in the lodestar amount.  The Supreme Court has said that where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983).  Nevertheless, "[t]he question of attorneys' fees, including fees with respect to unsuccessful claims, is an issue left to the discretion of the district court.  Where the district court determines that the successful and unsuccessful claims are inextricably intertwined and involve a common core of facts or [are] based on related legal theories, it is not an abuse of discretion for the court to award the entire fee."  *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183 (2d Cir. 1996) (internal citation and quotation marks omitted).  Many courts in this Circuit have found

that "when a plaintiff fails to prove one of two overlapping claims—e.g. a discriminatory discharge—but prevails on the other—e.g. retaliation for complaining of discrimination—the plaintiff may recover fees for all the legal work." *Wilson v. Nomura Sec. Int'l, Inc.*, 361 F.3d 86, 91 (2d Cir. 2004); *see also Dominic v. Consolidated Edison Co. of New York, Inc.,* 822 F.2d 1249, 1259–60 (2d Cir.1987) (affirming district court's conclusion "that the factual and legal theories underlying Dominic's age discrimination claim were inextricably intertwined with those underlying his retaliatory discharge claim. Consequently, a fully compensatory fee award was justified because Dominic recovered the same relief on the retaliation claim that he would have on his discrimination claim"); *Shea v. Icelandair*, No. 92 Civ. 7994 (WK) (JCF), 1996 U.S. Dist. LEXIS 16543, 1996 WL 656446, at *5 (S.D.N.Y. Nov. 8, 1996) (finding that plaintiff's claim of retaliation was "clearly inseparable from his underlying age and national origin discrimination claims" and thus no reduction in compensation was warranted by plaintiff's failure to prevail on his retaliation claim).  Here, the jury awarded plaintiff the same compensatory damages that would have been awarded had plaintiff prevailed on his discrimination claim, and thus no reduction in fees is warranted.

Defendants also argue that plaintiff's success at trial was "limited" because the jury awarded him $2.2 million in back pay, but declined to award him the roughly $11 million in front pay sought at trial; the jury's award of $300,000 in punitive damages was similarly less than the $10 million requested by plaintiff.  Although the Second Circuit has acknowledged that "the lodestar figure may be reduced in situations in which plaintiffs receive only nominal damage awards," such a reduction is inappropriate where a plaintiff receives "an amount that defies the 'nominal' label." *Grant v. Martinez*, 973

6

F.2d 96, 101 (2d Cir. 1992) (citing *United States Football League v. Nat'l Football League*, 887 F.2d 408, 412 (2d Cir. 1989)). Here, the jury awarded plaintiff $2.5 million in compensatory and punitive damages—hardly a "nominal" amount.

Defendants have not opposed plaintiff's request for prejudgment interest on his back pay award at a rate of nine percent per annum. The Court agrees with plaintiff that the interest rate mandated by the laws of New York applies in this case because defendant's liability was determined under the New York City Human Rights Law and was removed to federal court on the basis of diversity jurisdiction. Under New York law, "[i]nterest shall be computed at the rate of nine percent per annum, except where otherwise provided by statute." N.Y. C.P.L.R. § 5004; s*ee Epstein v. Kalvin-Miller Intl., Inc.*, 139 F. Supp. 2d 469, 486 (S.D.N.Y. 2001) (stating that "New York courts apply the New York statutory rate of interest to calculate prejudgment interest for employment discrimination back pay verdicts decided under the New York Human Rights Law"). The Court therefore adopts the calculations outlined in plaintiff's motion. Plaintiff is entitled to recover prejudgment interest on the jury's award of back pay in the amount of $557,500.

With respect to costs, although plaintiff has outlined the types of costs for which he requests reimbursement, he has not yet submitted figures to the Court. Defendants have reserved their right to respond to plaintiff's specific requests after he submits a bill to the Court. In the meantime, defendants object to one category of plaintiff's request: reimbursement for electronic legal research. The Second Circuit has made clear, though, that "charges for such online research may properly be included in a fee award." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 369 F.3d 91, 98 (2d

Cir. 2004); *see also James*, 2005 U.S. Dist. LEXIS 5401, at *67 ("Legal research costs are recoverable in an application for attorneys' fees."); *Raniola v. Bratton*, 2003 U.S. Dist. LEXIS 7199 (S.D.N.Y. 2003) (awarding cost of Westlaw research because, "absent the use of computer research, the awarded attorney's fees would probably be larger" (internal citation omitted)).

  The Court therefore directs plaintiff to submit a bill detailing the costs for which it seeks reimbursement, including electronic legal research, within thirty days of this Opinion.  The Court also grants plaintiff leave at that time to submit a supplemental motion for the legal services rendered after the date this motion was first served, which, among other things, will presumably include records for time spent defending this motion and preparing plaintiff's opposition to defendant's unsuccessful motion for judgment as a matter of law.  *See also Weyant v. Okst*, 198 F.3d 311, 314 (2d Cir. 1999) (permitting compensation for time spent after the initial fee application, including time spent in preparing and defending an application for fees).

 Applying these conclusions, the following calculations result:

| Attorney | Hourly Rate | Hours Spent | Total |
|---|---|---|---|
| Schwartz | $475 | 611 | $290,225 |
| Perry | $350 | 647 | $226,450 |
| Heller | $225 | 339 | $ 76,275 |
| Schatz | $175 | 49 | $   8,575 |
| Utt | $150 | 34 | $   5,100 |
| **SUBTOTAL** |  | 1,680 | $606,225 |
| **PREJUDGMENT INTEREST** |  |  | $557,500 |
| **TOTAL** |  |  | $1,164,125 + COSTS |

8

Accordingly, the Court grants plaintiff's motion [54] for legal fees, prejudgment interest, and costs. Plaintiff is awarded attorney's fees in the amount of $606,625 and prejudgment interest on the jury's award of back pay in the amount of $557,500, for a total award of $1,164,125. The Court also denies defendants' motion [52] for costs and attorney's fees.

SO ORDERED.

Dated: New York, New York
       March 12, 2007

                                              Richard J. Holwell
                                        United States District Judge